JOHN JOYES v. EDWIN BARROW.

**Use and Occupation—Surrender of Premises—Rent.**

Failure of a tenant to surrender the premises in as good condition
as he agreed to do does not imply a promise to continue to pay rent,
nor render him liable for the use of the premises after the surrender
of them.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 1, 1873.

OPINION BY JUDGE LINDSAY:

This action was instituted to recover for use and occupation
of the lot named in the lease of April 1, 1870.

The proof shows that the lessee abandoned the possession at
the expiration of the term. He may have failed to leave the
premises in as good order as he consented to do, but from his
failure in this regard the law will not imply a promise to con-
tinue the payment of rent.

It is not necessary that Barrow should deny at all that he
failed to surrender the lot in good order. The action was not
for the recovery of damages on that account, but for the use
and occupation of the lots, and he does deny, specifically and
unequivocally, that he used or occupied it in any manner dur-
ing the period named in the petition.

Judgment affirmed.

*Pat Joyes, for appellant.*

———, *for appellee.*